**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMPELIO HERNANDEZ,** | : | **CIVIL ACTION NO. 1:26-CV-996** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN – LSCI ALLENWOOD,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 by a federal prisoner in the custody of the United States Bureau of Prisons ("BOP"). The petition will be denied.

## I. Factual Background & Procedural History

Petitioner Ampelio Hernandez is incarcerated in Allenwood Low Security Correctional Institution ("LSCI-Allenwood") serving a federal criminal sentence. He filed the instant petition on April 17, 2026. (Doc. 1). Hernandez argues that the BOP is improperly refusing to apply time credits he earned pursuant to the First Step act ("FSA") towards time in prerelease custody because he is subject to an immigration detainer issued by the United States Department of Homeland Security ("DHS") (Id.)

Respondent responded to the petition on May 18, 2026, arguing that the court lacks jurisdiction over the petition and, alternatively, that it should be denied on its merits. (Doc. 6). Hernandez filed a reply brief on June 12, 2026, making the petition ripe for review. (Doc. 7). Respondent then filed a notice on June 16, 2026,

withdrawing the jurisdictional argument. (Doc. 8). Respondent notes that because of a legal position recently taken by the United States Solicitor General, the jurisdictional argument no longer accurately reflects the government's position. (Id.)

## II. Discussion[1]

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Federal law requires the BOP to consider inmates for prerelease custody, 18 U.S.C. § 3624(c)(1), and in doing so, it must make an individualized determination based on consideration of:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

[1] The court does not consider respondent's jurisdictional argument because respondent has withdrawn that argument. (Doc. 8). To the extent that jurisdiction is at issue, the court finds that it has jurisdiction over the petition for substantially the same reasons that it recognized that it had jurisdiction in Al Haj v. LSCI-Allenwood Warden, No. 1:24-CV-1193, 2025 WL 1115751, at *2–4 (M.D. Pa. Apr. 15, 2026) Neary, J.).

> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

28 U.S.C. § 3621(b); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

In this case, the BOP conducted the assessment required by Section 3621(b) and determined that Hernandez should not be transferred to prerelease custody. (Doc. 6-5 at 5). The BOP considered the five factors required to be considered under Section 3621(b) and noted that Hernandez's immigration detainer was an additional factor weighing against placing him in prerelease custody. (Id.) Having reviewed this assessment, the court finds that the BOP has complied with Section 3621(b) because it is clear that it has considered all five factors that must be considered. Hernandez's habeas claim will accordingly be denied.

This court's decision in Al Haj, 2025 WL 1115751, at *5-6, does not compel a different result. In Al Haj, the BOP categorically denied the petitioner's request for transfer to prerelease custody based on the petitioner's immigration detainer, without considering the five factors enumerated in Section 3621(b). Id. at *5. The court held that this was improper under Section 3621(b) and Woodall, 432 F.3d at 244, because it amounted to a categorical bar rather than an individualized determination. Al Haj, 2025 WL 1115751, at *5. The court accordingly granted the habeas corpus petition and required the BOP to conduct an individualized assessment that included consideration of the five factors enumerated in Section 3621(b). Id. In doing so, however, the court emphasized that its holding "shall not be

construed as a holding that the BOP is barred from considering Al Haj's immigration detainer when it makes the individualized determination of whether he should be transferred to prerelease custody." Id. at *5 n.3. "The question whether the BOP may consider additional factors," the court explained, "is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself." Id. (quoting Woodall, 432 F.3d at 247.

In this case, it is clear that the BOP considered the five factors enumerated in Section 3621(b) in denying Hernandez's claim seeking transfer to prerelease custody and considered Hernandez's immigration detainer as an additional factor in its analysis. (See Doc. 6-5 at 5 (noting limited bed space available for prerelease custody, the nature of Hernandez's criminal offenses, and Hernandez's conduct in prison before additionally noting that BOP guidance suggests inmates with immigration detainers should not be placed in prerelease custody)). This case is therefore distinguishable from Al Haj because the immigration detainer was simply an additional factor considered in the BOP's Section 3621(b) rather than a controlling element that overrode the five-factor analysis. Thus, because the BOP has complied with Section 3621(b), Hernandez's habeas claim will be denied.

## III. Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 17, 2026